G. W. Crisp v. The State.

No. 6234.   Decided May 11, 1921.

Rehearing denied June 8, 1921.

1.—Theft—Sufficiency of the Evidence.

Where upon trial of theft, the evidence was sufficient to sustain the conviction, there was no reversible error.

2.—Same—Evidence—Bills of Exception.

Where defendant's bills of exception, appearing in the record on appeal, are not complying with the rule, and were defective in not setting out the evidence objected to, and failed to state the answer of the witness, the same cannot be considered on appeal.

3.—Same—Rehearing—Hearsay Evidence—Sufficiency of the Evidence.

There being legal evidence to sustain the conviction, this court would not be authorized to reverse the judgment, even though hearsay evidence should be found in the record, in the absence of a bill of exceptions, and a substantial compliance with the provisions of the statute is necessary. However, the conviction in this case did not rest upon hearsay evidence, and there is sufficient evidence to sustain same.

Appeal from the District Court of Cooke.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of theft over $50; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

E. W. Neagle, for appellant.

R. H. Hamilton, Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was convicted for the theft of more than fifty dollars worth of seed cotton, and his punishment assessed at two years confinement in the penitentiary.

It is not necessary to set out the facts in this case, but they show beyond question the appellant to be guilty of the charge against him, indeed, his own confession offered in evidence admits the guilt.

Ten bills of exceptions appear in the record, and we regret to state that no single one of them complies with the rule, and is in a condition where it may be considered by this court.   Most of them object to the admission of testimony, and wholly fail to state what the answer of the witness was.   As an illustration, we refer to bill No. 4. The witness, B. F. Rawlings, was asked, "When you had the cotton weighed at Tioga how much did you have?"   The bill recites that appellant objected to the answer unless he weighed the cotton himself,

as it would be hearsay, and states that the objection was overruled by the court, and nowhere undertakes to show in the bill what the answer of the witness was, or whether he ever answered the question at all. The bill is also incomplete in that it does not state the connection in which the question was asked, nor the relevancy of it to the issue involved in the case. This is a fair sample of all the bills, and does not comply with any of the rules heretofore laid down by this court. In Branch's Criminal Laws of Texas, Section 47, will be found a general statement that: "A bill is defective if it fails to set out the evidence admitted, and show that the evidence was in fact not only offered but admitted in evidence before the jury." See many cases collated under the foregoing general head.

No error appearing from the face of the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

June 8, 1921.

MORROW, PRESIDING JUDGE.—Conceding that the rulings of the trial court on the introduction of evidence were not properly brought forward by bill of exceptions, appellant insists that some of it so grossly offended against the rule excluding hearsay that cognizance of it should be taken in the absence of bill of exceptions.

There being legal evidence adduced upon the trial sufficient to sustain the conviction, we would not be authorized to overturn the judgment even though we found in the record hearsay testimony in the absence of a bill of exceptions complaining of the court's ruling in admitting it. In support of his view, appellant invokes the clause of the Constitution which declares that one accused of crime shall be confronted with the witnesses against him. The Constitution confers upon the Court of Criminal Appeals appellate jurisdiction of all criminal cases "with such exceptions and under such regulations as may be prescribed by law." One of the regulations made by the Legislature pursuant to this constitutional provision is that which declares that "the defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order or charge of the court or other proceedings in the case." (Code of Crim. Procedure, Art. 744). In preparing a bill of exceptions, no form shall be required, but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible. (Revised Statutes, Art. 2059). A substantial compliance with this apparently simple provision of the statute seems obviously necessary to enable the appellate court to perform its function. The appellate court, called upon to review the action of the trial court, must, in

some authentic way, be advised of the nature of the ruling, the character of the objection, the subject-matter to which it relates, and the probable influence upon the result. Bills of exceptions are designed to effect this purpose.

The evidence upon which appellant's conviction rests is not hearsay. The owner of the cotton testified that he weighed and placed in his wagon a certain number of pounds. He was not certain of the accuracy of his scale. A part of the cotton was stolen and he weighed the remainder at the gin and found a discrepancy of 577 pounds. We do not gather from his testimony that he learned the gin weight from a ticket but that he weighed it and that the ginner placed the weight on the ticket which the witness had lost. The confession of appellant and his confederate and their testimony disclose that they took from the wagon of the owner six sacks of cotton and sold them to the ginner, who testified to their purchase, and he said that the cotton purchased from the appellant and his co-principal amounted to 696 pounds.

The only controversy developed was whether the cotton which was stolen from the injured party named in the indictment was over the value of $50. The ginner paid $74 for that which he bought. It is claimed by appellant and his confederate that there were nine sacks, three of them having been stolen from another place. The value of the cotton was more than ten cents per pound. Assuming that the appellant stole but six sacks from the wagon of the injured party, and that those elsewhere were of equal weight, the fact that that covered by this prosecution was not worth more than $50 is not conclusive. Aside from this view the circumstances were such as to raise an issue of fact as to whether the amount of cotton which the appellant had stolen from the owner named in the indictment exceeded in value of the sum of $50. The solution of this issue against the appellant, in view of the record, we are not warranted in overturning.

The motion is overruled.

*Overruled.*